IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CHRISTOPHER LEE MITCHELL**
and **VIRGINIA ELLISON,**
*Individually, and on behalf of themselves
and others similarly situated,*

   Plaintiffs,

    **v.**                                                                      No._____

**WELLS FARGO BANK, N.A.,**                              **FLSA collective Action**

   Defendant.                                                             **JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Christopher Lee Mitchell and Virginia Ellison ("Plaintiffs"), on behalf of themselves, individually, and on behalf of others similarly situated as a class, file this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (FLSA) and brought on behalf of Plaintiffs and all current and former hourly-paid home mortgage consultants against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") for (1) unpaid "off-the-clock" wages; (2) "miscalculated" overtime compensation; and (3) "deducting (recapturing) hourly wages and overtime previously paid to them in subsequent weeks, thereby evading the FLSA's requirements. Plaintiffs seek to recover unpaid wages owed to them and all other similarly situated hourly-paid home mortgage consultants who have worked for Defendant at any time within the three (3) years

preceding the filing of this lawsuit. Plaintiffs and class members' claims are unified by common theories of Defendant's FLSA violations.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district, were employed by Defendant to perform work in this District, and Defendant has and continues to conduct business in this District, at all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred in this District.

## PARTIES

4. Defendant is a multinational financial service headquartered in Sioux Falls, South Dakota, with central offices throughout the United States and the fourth largest bank in the U.S. in total assets. Defendant has been an employer of Plaintiffs and those similarly situated as such term is defined in the FLSA 29 U.S.C. § 203(d) and 29 U.S.C. § 203(r) at all times material to this action.

5. Plaintiff Christopher Lee Mitchell has been a resident of Shelby County, Tennessee and worked as an hourly-paid home mortgage consultant for Defendant within this District during the three-year period immediately preceding the filing of this Complaint. Plaintiff Mitchell's Consent to Join this collective action is attached hereto as *Exhibit A*.

6. Plaintiff Virginia Ellison has been a resident of Shelby County, Tennessee and worked as an hourly-paid home mortgage consultant for Defendant in this District during the three-year period immediately preceding the filing of this Complaint. Plaintiff Ellison's Consent to Join this collective action is attached hereto as *Exhibit B*.

**FACTUAL BASIS FOR SUIT**

7. Defendant is one of the largest financial and banking entities in the world and, as a part of its financial services, originates and sells home loans.

8. Defendant has been the "employer" of Plaintiffs and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

9. At all times material to this action, Plaintiffs and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

10. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs and other similarly situated hourly-paid home mortgage consultants also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

11. Plaintiffs and similarly situated home mortgage consultants were employed by Defendant and worked 40 or more hours per week within weekly pay periods during the three years preceding the filing of this Collective Action Lawsuit.

12. Plaintiffs and other similarly situated hourly-paid home mortgage consultants have been subject to Defendant's time keeping, payroll and operational plans, policies and practices at all times relevant to this action.

13. During their employment, Plaintiffs and putative class members were required to log into Defendant's computer system and engage in the origination and production of loans using Defendant's system.

14. this regard, Defendant has access to Plaintiffs' and the other Mortgage Consultants' email timestamps and usage of Defendant's Core and/or Intranet systems.

15. Defendant has had a common policy, plan and practice of requiring, forcing, inducing, expecting and/or, suffering and permitting, Plaintiffs and similarly situated hourly-paid home mortgage consultants to work "off-the-clock" and which work hours were not compensated at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times material to this action..

16. Such "off-the-clock" work times were spent, *inter alia*, by Plaintiffs and similarly situated hourly-paid consultants in telephone calls, text messaging, emailing and communicating with home loan prospects and clients, co-workers, management members (and other work-related contacts) from their respective residents and other locations during their off-duty hours, as well as checking on interest rates, credit reports and home appraisals of prospective and existing loan applicants, while not "clocked-in" to Defendant's time keeping system.

17. Plaintiffs and similarly situated home mortgage consultants were required, forced, induced, expected and/or, suffered and permitted, to perform such "off-the-clock" work activities in order to fulfill their job responsibilities and meet their performance quotas.

18. Such "off-the-clock" communications and related work activities were essential and critical to their home mortgage consulting job duties, all of which Defendant was aware were occurring.

19. The aforementioned unpaid "off-the-clock" work was performed in excess of 40 hours per week within weekly pay periods during all times material, for which Plaintiffs and those similarly situated did not receive compensation at the applicable FLSA overtime

compensation rate of pay within weekly pay periods during all times material to this lawsuit.

20. The unpaid "off the clock" claims of Plaintiffs and those similarly are unified by a common theory of Defendant's FLSA violations.

21. Defendant has had a common policy, plan and practice of not including commissions and bonuses in determining the hourly rate of pay of Plaintiffs and those similarly situated for the purpose of calculating overtime compensation during all times material to this action.

22. As a result, Plaintiffs and those similarly situated did not receive the additional overtime compensation they otherwise would have received had their commissions and bonuses been properly included in determining their accurate hourly rate of pay for each weekly pay period during the three years preceding the filing of this Collective Action Complaint.

23. Defendant was aware the commissions and bonuses of Plaintiffs and those similarly situated were not included in the calculation of their hourly rate of pay in determining their overtime compensation within weekly pay period during all times material to this Complaint.

24. Defendant took no action to re-calculate the commissions and bonuses in determining the true hourly rate of overtime compensation owed to Plaintiffs and those similarly situated for their applicable weekly pay periods and, likewise, failed to "edit-in" their correct unpaid overtime compensation into its time keeping system for the applicable weekly pay periods during all times material.

25. Plaintiffs and those similarly situated are yet due the aforementioned difference in their unpaid overtime compensation because of Defendant's failure to include their commissions and bonuses in determining the accurate hourly rate of pay in the computation of their FLSA required overtime pay.

26. The aforementioned unpaid "miscalculated" overtime claims of Plaintiffs and those similarly situated are unified by a common theory of Defendant's FLSA violations.

27. Defendant has had a common policy, plan and practice of spreading (recapturing) "earned" wages already paid to Plaintiffs and those similarly situated within particular work weeks into subsequent work weeks and using such wages as an offset against their earned commissions in later weeks, effectively and essentially failing to compensate them for all hours worked in such previous work weeks at the applicable FLSA minimum wage and overtime compensation rates of pay, during all times material.

28. Defendant was aware of such policy yet it failed to correct the deficiency and compensate Plaintiffs and those similarly situated with payments of at least the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked in such previous work weeks.

29. The aforementioned unpaid "earned" wage claims of Plaintiffs and those similarly situated are unified by a common theory of Defendant's FLSA violations.

30. Defendant had a duty to regularly audit its pay system and payroll records, with full knowledge of the schedules and work hours of Plaintiffs and those similarly situated. Nonetheless, Defendant took no action to "edit-in" to its time keeping system to include such aforementioned unpaid "off the clock", "miscalculated" and "deducted/recaptured" wages pay them the applicable FLSA minimum wage and overtime rates of pay time for all such unpaid "off the clock", "miscalculated" and "earned" wages.

31. The net effect of Defendant's common plan, policy and practice of not paying Plaintiffs and class members for all such unpaid "off-the-clock", "miscalculated" and "deducted/recaptured" wages is that it unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiffs and those similarly situated.

32. Defendant failed to accurately record all work hours performed by Plaintiffs and class members as required by the FLSA, 29 C.F.R. §516.2(a)(7).

33. By its failure to record accurately and pay for all the time worked by Plaintiffs and class members, Defendant willfully and, with reckless disregard to the FLSA minimum wage and overtime compensation requirements, failed to compensate them for all such time at the applicable minimum wage and overtime compensation rates of pay, as required by the FLSA.

34. Defendant knew, and was aware at all times relevant, it was not recording or paying Plaintiffs and class members for all hours worked at the applicable FLSA minimum wage and overtime compensation rates of pay, without a good faith basis for its failure.

35. Defendant's aforementioned common policies, plans and practices violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

36. As a result of Defendant's bad faith and willful failure to pay Plaintiffs and class members in compliance with the requirements of the FLSA, Plaintiffs and those similarly situated have suffered lost wages in terms of lost minimum wage and overtime compensation as well as other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs incorporate all preceding paragraphs as if set forth fully herein.

38. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid minimum wages and overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

39. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid home mortgage consultants who were employed by Defendant and who (1) performed unpaid "off the clock" work, (2) who had their overtime compensation "miscalculated" and/or (3) has their wages spread to subsequent work weeks and used to offset earned commissions in such later work weeks (deducted/"recaptured"), occurring anywhere in the United States within the three (3) years preceding the filing of this action.[1] ("Class Members")

40. Plaintiffs seek to pursue their aforementioned unpaid "off-the-clock", "miscalculated" and "deducted/recaptured" wage claims against Defendant on behalf of themselves, individually, and on behalf of themselves and all other similarly situated hourly-paid home mortgage consultants as a class.

41. Plaintiffs and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiffs and class members at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods during all times material to this action.

42. Moreover, this action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to Defendant's compensation policies, plans and practices. Plaintiffs and members of the class were subjected to Defendant's policy of being required, forced, induced, expected and/or, suffered and permitted, to work "off the clock" without pay as well as subjected to their overtime pay being "miscalculated" and having their wages earned in given work weeks

---

[1] Plaintiffs reserve the right to amend the Class Description upon the discovery of additional facts.

spread to later work weeks and used as an offset against earned commissions (deducted/recaptured) in such subsequent weeks, as previously described.

43. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

44. Plaintiffs will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendant's unlawful practices of failing to pay applicable FLSA compensation to them for their unpaid "off-the-clock" work, for their "miscalculated" overtime pay and, for their "earned" wages, as aforementioned.

45. Counsel for Plaintiffs will adequately protect their interests as well as the interests of all class members.

46. Defendant required, forced, induced, expected and/or, suffered and permitted, Plaintiffs and class members to work "off-the-clock", "miscalculated" their overtime pay and spread their "earned" wages within given work weeks to later work weeks and used such earned wages to offset earned commission in such later work weeks, in violation of the FLSA.

47. Defendant knew Plaintiffs and the class members performed "off-the-clock" work that required additional minimum wage and overtime compensation to be paid. Nonetheless, it operated under a common policy, plan and practice to deprive Plaintiff and class members of such FLSA required wages.

48. Defendant knew it "miscalculated" the overtime compensation owed to Plaintiff and the class members. Nonetheless, it operated under a common policy, plan and practice to deprive Plaintiff and class members of such FLSA required compensation.

49. Defendant knew it operated a common policy, plan and practice of spreading wages of Plaintiffs and class members earned in given work weeks to later work weeks and used such earned wages to offset commissions earned in such subsequent work weeks (deducting/recapturing wages), as described previously.

50. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the collective class.

51. Defendant's conduct was not in good faith by its failure to compensate Plaintiffs and the class members for all hours worked at the FLSA applicable compensation rates of pay.

52. Therefore, Defendant is liable to Plaintiffs and the class members under the FLSA for failing to properly compensate them for all hours worked relating to their unpaid "off-the-clock" work time, "miscalculated" overtime pay and their deducting/recapturing their "earned" wages– within applicable weekly pay periods during all relevant times herein.

53. Plaintiffs request this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wage and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

54. Plaintiffs estimate there are thousands of members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and

      documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's "home loan" work sites

55. Plaintiffs and class members' unpaid wage claims for the aforementioned unpaid "off-the-clock", "miscalculated" and "earned" wage claims may be determined partially by an examination of Defendant's payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

56. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

57. At all relative times, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

58. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a) at all times material to this action.

59. Plaintiffs and class members were "employees" of Defendant within the meaning of the FLSA's minimum wage and overtime wage requirements at all times material.

60. Plaintiffs and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

61. As a result of Defendant's aforementioned common policy, practice and plan of working Plaintiff and class members "off-the-clock", "miscalculating" their overtime pay and spreading (deducting/recapturing) wages their "earned" in given work weeks to later week weeks and using such earned wages to offset earned commissions in such subsequent work weeks, Plaintiff and class members were not paid their full wages as required by the FLSA.

62. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

63. Through their actions, policies, plans and practices, as previously described, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all actual hours worked, including all overtime hours worked.

64. The foregoing actions of Defendant violated the FLSA.

65. Defendant's actions were willful with reckless disregard to clearly established FLSA provisions.

66. Defendant's actions were not in good faith.

67. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and similarly situated home mortgage consultants have suffered and will continue to suffer a loss of income and other damages.

68. Therefore, Defendant is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and similarly situated home mortgage consultants all unpaid wages, both overtime and minimum wages, against Defendant;

b) Award Plaintiffs and similarly situated home mortgage consultants for an amount equal to their unpaid back wages, pursuant to the applicable wage and overtime rates;

c) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

d) Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff sand the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiffs to amend their Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiffs and the class may be entitled; and

l) Provide further relief as the Court deems just and equitable

## JURY DEMAND

Plaintiffs hereby demand a **TRIAL BY JURY** as to all issues.


Dated: June 23, 2020.                    Respectfully Submitted,

                                         *s/Gordon E. Jackson*
                                         Gordon E. Jackson (TN BPR #8323)
                                         J. Russ Bryant (TN BPR #33830)
                                         Robert E. Turner, IV (TN BPR # 35364)
                                         Robert E. Morelli, III (TN BPR #037004)

13

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***