IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE MITCHELL and VIRGINIA ELLISON, Individually, and on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | No. 2:20-cv-02444-TLP-atc <br><br> JURY DEMAND |

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

Defendant Wells Fargo Bank, N.A. moves to dismiss or, in the alternative, to stay or transfer Plaintiffs' claims brought on behalf of putative collective action members under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").[1]  (ECF No. 13.)  Defendant seeks dismissal of Plaintiffs' collective action claims under Federal Rule of Civil Procedure 12(b)(3) and 12(b)(6).  (ECF No. 14 at PageID 45.)  Plaintiffs responded in opposition (ECF No. 16), and Defendant replied.  (ECF No. 17.)  For the reasons below, the Court finds that the "first-to-file rule" applies.  And so the Court **GRANTS** Defendant's motion to transfer.

---

[1] Defendant only seeks dismissal, stay, or transfer of Plaintiffs' collective action claims.  It does not seek dismissal, stay, or transfer of Plaintiffs' individual FLSA claims.  (*See* ECF No. 14 at PageID 44.)

## **BACKGROUND**

This is a collective action against Defendant for violating the FLSA.  (ECF No. 1 at PageID 1.)  Plaintiffs allege these facts in their complaint.[2]  Defendant employed Plaintiffs as home mortgage consultants.  (*Id.* at PageID 3.)  And during their employment, Plaintiffs allege that Defendant violated the FLSA in three ways.  First, that Defendant required them to work "off-the-clock" without paying them the FLSA minimum wage or overtime rate of pay.  (*Id.* at PageID 4–5.)  Second, that Defendant did not include commissions and bonuses in determining Plaintiffs' hourly rate of pay for the purpose of calculating overtime compensation.  (*Id.* at PageID 5.)  As a result, Plaintiffs did not receive the correct amount of overtime pay.  (*Id.*)  And finally, that Defendant engaged in "spreading" Plaintiffs' earned wages.  (*Id.* at 6.)  This allegedly involved taking earned wages that Defendant already paid Plaintiffs within a work week and using those wages as an offset against Plaintiffs' earned commissions in later weeks.  (*Id.*)

Plaintiffs bring this collective action on behalf of themselves and all other current and former hourly-paid home mortgage consultants who have worked for Defendant within the past three years.  (*Id.* at PageID 1–3.)  Plaintiffs define the collective class as:

> All current and former hourly-paid home mortgage consultants who were employed by Defendant and who (1) performed unpaid "off the clock" work, (2) who had their overtime compensation "miscalculated" and/or (3) ha[d] their wages spread to subsequent work weeks and used to offset earned commissions in such later work weeks (deducted/["]recaptured"), occurring anywhere in the United States within the three (3) years preceding the filing of this action.

(*Id.* at PageID 8.)

---

[2] The Court accepts all of Plaintiffs' allegations as true under Fed. R. Civ. P. 12.  *See Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002) (discussing 12(b)(3) standard); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (discussing 12(b)(6) standard).

Defendant now asks this Court to dismiss Plaintiffs' collective action claims under Rule 12(b)(3) and 12(b)(6) or, in the alternative, to stay or transfer the action. (ECF No. 13 at PageID 38.) Defendant argues that the "first-to-file rule" applies here because, before Plaintiffs sued Defendant, a different plaintiff had already brought a nationwide FLSA collective action against Defendant for the same class of individuals. (ECF No. 14 at PageID 44.) And that case—*Sandra Bruno v. Wells Fargo Bank, N.A.*, Case No. 2:19-cv-00587-RJC—is still pending in the Western District of Pennsylvania. (*Id.*) As a result, Defendant argues that the first-to-file rule justifies dismissal (or stay or transfer) of Plaintiffs' collective action claims because the two cases relate to the same alleged conduct, the same class, and the same time period. (*Id.*)

## ANALYSIS

### I.   Legal Standard for 12(b)(3) Motion to Dismiss

Like Defendant did here, a party may move to dismiss a claim based on improper venue under Federal Rule of Civil Procedure 12(b)(3). *See* Fed. R. Civ. P. 12(b)(3). And "[o]n a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). Though the court may consider facts outside the complaint, it must also "draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* If venue is in fact improper, the court has discretion to either dismiss or transfer the action. 28 U.S.C. § 1406; *see also Gone To The Beach, LLC v. Choicepoint Servs., Inc.*, 434 F. Supp. 2d 534, 537 (W.D. Tenn. 2006).

### II.   Legal Standard for 12(b)(6) Motion to Dismiss

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and

in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007).  "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  To survive a motion to dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Herhold v. Green Tree Servs., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

Defendant argues that this Court should dismiss, stay, or transfer Plaintiffs' FLSA collective action claims under Rule 12(b)(3) and 12(b)(6) because the first-to-file rule applies here.  (ECF No. 14 at PageID 44.)  The Court now turns to the first-to-file rule.

### III. The First-To-File Rule

Under the first-to-file rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should generally proceed to judgment.'"  *Zide Sport Shop, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)).  The first-to-file rule "encourages comity between federal courts of equal rank."  *Id.*  It also "conserves

judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC,* 814 F.3d 785, 789 (6th Cir. 2016).

Courts consider three factors when determining whether the first-to-file rule applies: "(1) the chronology of events; (2) the similarity of the parties involved; and (3) the similarity of the issues or claims at stake." *Id.* The court must also consider whether equitable considerations—such as "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping"—weigh against application of the rule. *Zide Sport Shop, Inc.*, 16 F. App'x at 437; *Baatz*, 814 F.3d at 789. In the end, however, whether to apply the rule is within the Court's discretion. *Baatz,* 814 F.3d at 793; *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688–89 (E.D. Tenn. 2005).

## IV.    Application of the First-to-File Rule

### A.    Chronology of Events

The Court first considers the timeline of events. *Zide Sport Shop, Inc.*, 16 F. App'x at 437. "The dates to compare for chronology purposes of the first-to-file rule are when the relevant complaints are filed." *Baatz*, 814 F.3d at 790. The plaintiff in *Bruno* filed her original complaint on May 17, 2019 and then amended it on March 16, 2020. (ECF Nos. 14-2 at PageID 67; 14-3 at PageID 82.) And Plaintiffs sued here on June 23, 2020. (ECF No. 1 at PageID 13.) So the *Bruno* plaintiff sued Defendant first. This factor therefore weighs in favor of applying the first-to-file rule.

The Court next considers the similarity of the parties involved.

## B.     Similarity of the Parties

For the first-to-file rule to apply, the issues in the two cases need not be perfectly identical—they just need to overlap. *Baatz*, 814 F.3d at 790. And in class actions, courts look at "whether there is substantial overlap with the putative class even though the class has not yet been certified." *Id.* This rule applies to FLSA collective actions also.[3] *See, e.g., Hubbard v. Papa John's Int'l, Inc.*, 2019 WL 6119242 (W.D. Ky. Nov. 18, 2019) (looking at the putative class under the first-to-file rule in an FLSA collective action); *Cook v. E.I. DuPont de Nemours & Co*, No. 3:17-cv-00909, 2017 WL 3315637, at *3 (M.D. Tenn. Aug. 3, 2017) (same); *Fuller*, 370 F. Supp. 2d at 689–90.

Plaintiffs argue that the parties do not overlap here because, unlike in a Rule 23 class action, class members in an FLSA collective action must opt-in to the lawsuit. (ECF No. 16 at PageID 167.) They, therefore, argue that "each case has a unique, non-overlapping set of plaintiffs, so that coordinated litigation can proceed effectively for separate groups of plaintiffs." (*Id.*)

This Court finds, however, that just because FLSA collective actions require members to opt-in to the suit, does not change the analysis. Other cases provide guidance on this point. Take for instance, *Fuller v. Ambercrombie & Fitch Stores, Inc.*, where the court considered whether there was substantial overlap between putative collective classes under the FLSA. 370

---

[3] Plaintiffs argue that, because the Sixth Circuit in *Baatz* applied the first-to-file rule to a Rule 23 class action, its finding that courts must look at the overlap of the putative class does not apply to FLSA collective actions. (*See* ECF No. 16 at PageID 170.) But the Sixth Circuit in *Baatz* in fact relied on an FLSA case to reach its holding in *Baatz*. *See Baatz*, 814 F.3d at 790. The Sixth Circuit cited to *Fuller v. Ambercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005)—and in *Fuller*, the court applied the first-to-file rule to an FLSA collective action, finding that, despite the opt-in feature of collective actions, the collective classes substantially overlapped. *See Fuller*, 370 F. Supp. 2d at 689–90.

F. Supp. 2d at 689.  The court held that, even though the collective classes in each case may be different because of the FLSA's opt-in feature, the parties still substantially overlapped.  *Id.* at 690.  The court found that the plaintiffs in both actions wanted to certify the same collective classes, and the fact "[t]hat the collective classes in each action will ultimately contain different individuals if both actions proceed is of little significance."  *Id.*  And in *Cook v. E.I. DuPont de Nemours & Co.*, the court also considered whether the parties in two collective FLSA actions were similar.  No. 3:17-cv-00909, 2017 WL 3315637, at *4 (M.D. Tenn. Aug. 3, 2017).  The court emphasized that the Sixth Circuit in *Baatz* found that:

> This [first-to-file] analysis is not affected by the [plaintiffs'] representation that they would opt out of the class [in the first-filed case] if it is certified.  That is certainly their right if and when that day comes.  *See* Fed. R. Civ. P. 23(c)(2).  But allowing plaintiffs to use this representation to prevent the first-to-file rule from being applied in the first instance would undercut the purposes of the first-to-file rule: parties, not courts, would determine when the rule could be applied, and could force resource-draining duplicative class actions to proceed simultaneously.  This would unduly burden the courts, and could be used as a vexatious litigation tactic.  While the opt-out right may allow for (and perhaps anticipate) duplicative litigation, it should not prospectively prohibit courts' efforts to conserve resources by applying the first-to-file rule.

*Baatz*, 814 F.3d at 791.  Relying on the Sixth Circuit's reasoning in *Baatz*, the court in *Cook* found that the same analysis applies to opt-in collective actions under the FLSA.  *Cook*, 2017 WL 3315637, at *4.

This Court agrees with the courts in *Fuller* and *Cook*, and finds that the Sixth Circuit's reasoning in *Baatz* applies to collective actions under the FLSA as well.  Finding otherwise would frustrate the purpose of the first-to-file rule.  It would allow "parties, not courts, [to] determine when the rule could be applied, and could force resource-draining duplicative class actions to proceed simultaneously."  *Baatz*, 814 F.3d at 791.  Besides, allowing different plaintiffs in identical collective actions to send notices to the same potential class members

7

would cause confusion.  As the court in *Fuller* explained, "if both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts.  That such a confusing result could occur evidences that the collective classes are substantially similar." 370 F. Supp. 2d at 789.

What is more, district courts in this circuit have often applied the first-to-file rule to FLSA collective actions.  *See, e.g., Fuller*, 370 F. Supp. 2d at 690; *Hubbard*, 2019 WL 6119242, at *3; *Cook*, 2017 WL 3315637, at *2 ("[N]umerous courts have recognized that, in the FLSA collective action context, the First-to-File rule is often applied and is particularly appropriate.") (internal quotations omitted)); *Watson v. Jimmy John's LLC*, No. 2:15-cv-768, 2015 WL 4132553, at *3–4 (S.D. Ohio July 8, 2015); *Siegfried v. Takeda Pharms. N. Am., Inc.*, No. 1:10-CV-02713-JG, , 2011 WL 1430333, at *5 (N.D. Ohio Apr. 14, 2011); *Steavens v. Elec. Data Sys. Corp.*, No. 07-14536, 2008 WL 5062847, at *2 (E.D. Mich. Nov. 25, 2008).

With all this in mind, the Court finds that the parties here substantially overlap.  First, Wells Fargo Bank, N.A., is the only defendant in each action.  (*See* ECF Nos. 1 & 14-3.)  And second, the putative classes overlap.  The named plaintiff in the *Bruno* action seeks to represent all mortgage consultants that worked for Defendant within three years before the plaintiff sued.  (ECF No. 14-3 at PageID 81.)  And the complaint defines "mortgage consultants" as anyone with the following title: "Home Mortgage Consultant, Home Mortgage Consultant, Jr., Private Mortgage Banker or Private Mortgage Banker, Jr."  (*Id.* at PageID 69–70.)  Similarly, Plaintiffs also want to represent current and former hourly-paid home mortgage consultants who worked for Defendant within the past three years.  (ECF No. 1 at PageID 8.)

So, both the *Bruno* plaintiff and Plaintiffs here seek to represent home mortgage consultants that worked for Defendant in the past several years.  Even though the named

plaintiffs are different, the putative classes still overlap. *See Fuller*, 370 F. Supp. 2d at 689; *Cook*, 2017 WL 3315637, at *3. The Court, therefore, finds that the parties are substantially similar. The Court now turns to the similarity of the issues.

### C.     Similarity of the Issues

The Court finds that the claims substantially overlap too. "Just as with the similarity of the parties factor, the issues need only to substantially overlap in order to apply the first-to-file rule." *Baatz*, 814 F.3d at 791. The *Bruno* plaintiff alleges that Defendant violated the FLSA by "failing to pay minimum and overtime wages by (1) unlawfully requiring significant off-the-clock work; and (2) deducting (recapturing) wages previously paid to in subsequent weeks, thereby evading the requirements of the FLSA by failing to pay wages free and clear; and (3) failing to properly calculate the regular rate of pay when calculating overtime premiums due." (ECF No. 14-3 at PageID 79.) Likewise, Plaintiffs here allege that Defendant violated the FLSA by (1) requiring Plaintiffs to work off-the-clock, (2) miscalculating overtime compensation, and (3) "deducting (recapturing) hourly wages and overtime previously paid to them in subsequent weeks." (ECF No. 1 at PageID 1, 11.) These claims are almost identical, and they clearly overlap. The Court thus finds that this factor weighs in favor of the first-to-file rule.

The Court now considers whether any equitable concerns weigh against application of the first-to-file rule in this case. They do not.

### D.     Equitable Considerations

If a court determines that the three factors weigh in favor of applying the first-to-file rule, the court must also consider whether any equitable considerations weigh against applying it. *Baatz*, 814 F.3d at 792. These equitable considerations include "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide Sport Shop, Inc.*, 16

F. App'x at 437. But, in the end, "deviations from the rule should be the exception, rather than the norm." *Baatz*, 814 F.3d at 792.

Plaintiffs do not argue that any equitable considerations prevent the Court from applying the first-to-file rule. And, there do not appear to be any extraordinary circumstances here. Nor is there any evidence that Defendant has acted inequitably or in bad faith. Also, there is no evidence of forum shopping in this case.

All in all, the Court finds that all three factors weigh in favor of applying the rule. Plus, no equitable considerations weigh against the Court applying the first-to-file rule here. As a result, the Court now considers whether it should dismiss, stay, or transfer Plaintiffs' collective action claims.

### DISMISSING, STAYING, OR TRANSFERRING PLAINTIFF'S COLLECTIVE ACTION CLAIMS

If a court decides to apply the first-to-file rule, the court can dismiss, transfer, or stay the case. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *Baatz*, 814 F.3d at 793–94. Deciding whether to dismiss, stay, or transfer is within the court's discretion. *Baatz*, 814 F.3d at 793. "Dismissal may be an appropriate way to implement the first-to-file rule in some circumstances." *Id.* But "few courts choose flatly to dismiss a second-filed suit, and in many of these cases the reason for dismissal is a court's inability to transfer." *Steavens*, 2008 WL 5062847, at *2 (quoting *Elite Physicians Servs., LLC v. Citicorp Credit Servs., Inc. (USA)*, No. 1:06-cv-86, 2007 WL 1100481, at *5 (E.D. Tenn. Apr. 11, 2007)). A stay is often appropriate "if dismissal or transfer would jeopardize the rights of one of the parties." *Elite Physicians Servs., LLC*, 2007 WL 1100481, at *5. Otherwise, courts applying the first-to-file rule generally transfer the second-filed action. *Id.* (finding that "[s]econd-filed courts generally choose to transfer an action

10

when dealing with substantive matters," and that many courts transfer instead of dismiss under the first-to-file rule).

The Court finds it appropriate to transfer Plaintiffs' collective action claims to the Western District of Pennsylvania, the court presiding over the *Bruno* action.  *See Steavens*, 2008 WL 5062847, at *3 (finding that transfer of an FLSA case "best supports the principles of the first-to-file rule as not doing so could result in duplicative litigation and conflicting judgments"); *Fuller*, 370 F. Supp. 2d at 690–91 (transferring FLSA collective action under first-to-file rule); *see also Elite Physicians Servs., LLC*, 2007 WL 1100481, at *5 (finding that transfer under the first-to-file rule was "in the interests of convenience, justice, and judicial efficiency").  The Court thus **TRANSFERS** the collective action claims to the Western District of Pennsylvania.  And because Defendant did not seek relief for Plaintiffs' individual claims, those claims will not be transferred.  They will remain here.

## CONCLUSION

The Court therefore **GRANTS** Defendant's motion to transfer.  The Court further **TRANSFERS** this case to the Western District of Pennsylvania.

**SO ORDERED**, this 18th day of December, 2020.

                                                    s/Thomas L. Parker
                                                    THOMAS L. PARKER
                                                    UNITED STATES DISTRICT JUDGE