IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE MITCHELL, Individually, and on behalf of themselves and others similarly situated, and VIRGINIA ELLISON, Individually, and on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | No. 2:20-cv-02444-TLP-atc <br><br> JURY DEMAND |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Christopher Lee Mitchell and Virginia Ellison, individually and on behalf of themselves and others similarly situated, sued Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in June 2020, asserting claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). (ECF No. 1 at PageID 1.) Defendant moves for partial summary judgment based on its compensation plan. (ECF No. 48.) Plaintiffs responded. (ECF No. 56.) Plaintiffs argue, among other things, that Defendant's summary judgment motion is premature. (*Id.* at PageID 934.) For the following reasons, the Court **DENIES** Defendant's motion for partial summary judgment **WITHOUT PREJUDICE**.

Defendant moved for partial summary judgment before the expiration of the deadline to complete discovery. (ECF No. 32 at PageID 267.) And the Court has since entered an amended scheduling order setting a July 6, 2022 deadline for completing discovery and an October 6,

2022 deadline for filing dispositive motions. (ECF No. 61 at PageID 1255.) Plaintiffs assert that they need additional discovery to adequately respond to Defendant's summary judgment motion. (ECF No. 56 at PageID 934–36.) Rule 56(d) of the Federal Rules of Civil Procedure provides that "[i]f a nonmovant shows by affidavit or declaration, that for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"A party seeking additional discovery before the court considers the opposing party's motion for summary judgment bears the burden of demonstrating why such discovery is necessary." *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (citing *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)). And "mere recitations of conclusory allegations are insufficient." *Id.* (citing *Summers*, 368 F.3d at 887). "Generally, this filing must 'indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Unan v. Lyon*, 853 F.3d 279, 292–93 (6th Cir. 2017) (quoting *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)); *see also Harris v. Caruso*, 465 F. App'x 481, 487 (6th Cir. 2012) ("The request must specify what facts might be revealed by this additional discovery.").

Here, Plaintiffs' counsel submitted an affidavit stating that "Plaintiffs cannot adequately respond . . . without further discovery." (ECF No. 56-1 at PageID 941.) Plaintiff's counsel states in his affidavit that Plaintiffs need (1) "to discover and review the internal accounting records that show how Defendant in reality calculated debits and credits against gross commissions"; (2) to depose Scott Kilker; and (3) to depose Plaintiffs' individual managers. (*Id.* at PageID 942.) Defendant challenges the sufficiency of this affidavit in the Rule 56(d) context.

(ECF No. 57 at PageID 1245.)  But "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'"  *Unan*, 853 F.3d at 293 (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)); *see also Arla v. Liberty Mut. Grp., Inc.*, 715 F. App'x 517, 518 (6th Cir. 2018) (same).

"Before ruling on a summary judgment motion, the district court must afford the parties adequate time for discovery, in light of the circumstances of the case."  *Crouch v. Honeywell Int'l*, 720 F.3d 333, 338 (6th Cir. 2013) (citing *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995)).  Indeed, courts regularly deny as premature motions for summary judgment filed before discovery closes.  *See CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011); *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010); *see also Sykes v. Gould*, No. 21-10514, 2021 WL 2460628, at *2 (E.D. Mich. June 1, 2021); *Harris v. Jiangsu ASG Earth Envtl. Prot. Sci. & Tech. Co., Ltd.*, No. 13-44-GFVT, 2014 WL 4661953, at *2–3 (E.D. Ky. Sept. 18, 2014) (collecting cases).

Under the circumstances presented here, the Court finds that it should deny Defendant's motion for partial summary judgment without prejudice.  Plaintiffs' counsel submitted an affidavit under Rule 56(d) outlining the additional discovery necessary to adequately respond to Defendant's summary judgment motion.  (ECF No. 56-1.)  And Plaintiffs have explained why they need additional time to conduct discovery.  (ECF Nos. 56 at PageID 934–36; 56-1 at PageID 942.)  For example, Defendant relies on a seven-page declaration from business support manager Scott Kilker.  (ECF No. 48-3 at PageID 670–77.)  Plaintiffs have not had an opportunity to depose Kilker.  (ECF Nos. 56 at PageID 935; 56-1 at PageID 942.)

Plaintiffs also assert that they "need additional written discovery to explore how Defendant actually calculated commissions for Plaintiffs, what data it included in these calculations, how Defendant defined gross commissions and net commissions in actual practice for Plaintiffs, and, from an accounting standpoint, whether there was any difference between gross commissions and net commissions." (ECF No. 56 at PageID 936 (citing ECF No. 56-1 at PageID 942).) And Plaintiffs additionally seek to "discover whether Defendant actually applied the averred methodology in the various compensation plans." (*Id.* (citing ECF No. 56-1 at PageID 942).) Lastly, Plaintiffs seek "to depose the various managers to whom Plaintiffs reported to determine whether and how they communicated the terms of the compensation plans to Plaintiffs and how, in actual practice, compensation was determined for Plaintiffs at the branch level." (*Id.* (citing ECF No. 56-1 at PageID 942–43).)

The Court finds that permitting Plaintiffs additional time to take these depositions and conduct other relevant discovery, all within the deadlines set by the amended scheduling order, is both reasonable and prudent. The Court therefore **DENIES** Defendant's motion for partial summary judgment **WITHOUT PREJUDICE**. Defendant may re-file its motion prior to the dispositive motion deadline.

**SO ORDERED**, this 4th day of April, 2022.

                                                s/ Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE